**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
*and Attorney-in-Chief*

Southern District of New York
*Jennifer L. Brown*
Attorney-in-Charge

July 2, 2014

**BY ECF**

Honorable Louis A. Kaplan
United States District Judge
Southern District of New York
United States District Court
500 Pearl Street
New York, New York 10007

    Re:    <u>United States v. Ira Richards</u>
                **13 Cr. 818 (LAK)**

Dear Judge Kaplan:

       I write in response to the government's filing of the declaration of Detective Walter Harkins, which was provided at the invitation of the Court after oral argument on June 18, 2014. At that time, the Court also offered the defense an opportunity to respond if we thought it necessary. As discussed briefly below, Detective Harkins' declaration does not dispose of the Fourth Amendment claims raised here. Mr. Richards requests a hearing on his Fourth Amendment and *Franks* claims.

       The government has chosen only to address the issue of textual interlacing raised by the Court, going only to *whose* statements are actually present in the subject warrant affidavit. The government provides no additional information from Detective Harkins regarding the contents of that affidavit. For example, notably absent is any basis for Detective Harkins' knowledge for one of the central claims in the handwritten portion of the statement - "[the witnesses] took said phone on their own initiative, without *any involvement or suggestion* by any member of law enforcement." (emphasis added). This claim speaks to the intent of the witnesses as well as law enforcement, yet Detective Harkins' declaration is silent as to what if any facts he possessed that allowed him to make such a broad conclusion.

       The statement itself seems to be inconsistent with the rest of the affidavit. It appears from the preceding typewritten sentence in the affidavit that Detective Harkins was in the room with at least one witness while phone contact was made with other witnesses *as they were leaving* with the subject phone.[1] That is, it appears law enforcement was on the line while the subject phone was

---

[1] As will be addressed briefly below, given the government's many redactions, references to the face of the warrant affidavit are by necessity imprecise as to individual identity.

being taken.[2] It is difficult to reconcile Detective Harkins' assertions that he was aware that one of the witnesses was using the subject phone to facilitate a dramatic escape to safety - one that we can be certain was encouraged by the NYPD, as well as the District Attorney - with his claim that law enforcement was "not involved" with the taking. The government had the opportunity to present one or more affidavits that spoke directly to these issues, but instead chose simply to underscore that Detective Harkins was in fact the affiant.

At the same time, the government persists in concealing from both the defense and from the Court even the anonymous "stage names" of the subjects in the affidavit, let alone their true identities. The government has declined to clarify which redactions refer to "Witness-1", or which redactions refer to the person the government identifies as "Adult relative", or to "infant." The baffling patchwork of redactions cannot be interpreted accurately without access to specialized knowledge that is uniquely in the government's hands, but the government has chosen to withhold it. Yet, the government makes free use of this information throughout their brief. (*See, e.g.*, Gov't Mem. at 13-14.) This unfairness can and should be corrected at a hearing.

Mr. Richards' has raised a substantial preliminary showing - through his own affidavit, through reliable evidence available to him, and through circumstances that adequately explain the absence of additional evidence, particularly the government's unfair redaction of witness identifiers - of Fourth Amendment and *Franks* issues regarding the seizure and search of his phone. The government's inadequate response to the Court's invitation to expand the record here through additional declaration underscores the number of questions that remain unanswered. It is exactly this situation where the holding of an evidentiary hearing is necessary, appropriate, and just.

Respectfully submitted,

/s/ Christopher Flood

Christopher Flood
Counsel for **Ira Richards**
Tel.: (212) 417-8734

cc: Sam Enzer, Esq.
Amy Garzon, Esq.
Assistant United States Attorney (by fax)

---

[2] It is not clear on the face of the affidavit that the witnesses were using Mr. Richards' cell phone itself when they were in phone contact with the other witness at the District Attorney's Office in Detective Harkins' presence. However, the government takes this position in their brief. *See* Gov't Mem. at 19. We take the government's claim as accurate for the purposes of this letter.