# MATTHEW J. KLUGER
ATTORNEY AT LAW

**MEMO ENDORSED**

888 GRAND CONCOURSE, SUITE 1H
BRONX, NEW YORK 10451
(718) 293-4900 • FAX (718) 618-0140
www.klugerlawfirm.com

December 18, 2023

By ECF
The Honorable Lewis A. Kaplan
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    **Re:** **United States v. Ira Richards**
           **13 Cr. 818 (LAK)**

Dear Judge Kaplan,

    On or around August 26, 2020, Ira Richards filed a *pro se*, "compassionate release" motion seeking a reduction of his 240-month sentence.[1] Thereafter, on or about December 23, 2020, the Court assigned me as CJA counsel to assist Mr. Richards with his application. For the reasons below, the defense writes now seeking an additional 60-days to file its motion.

    The Court has already granted several adjournments of this matter in order to allow the defense time to gather BOP documents and information which, the defense believes, are highly relevant in an application for compassionate release.[2] Unfortunately, as counsel noted in earlier adjournment applications, despite repeated (and procedurally correct) requests for Mr. Richards' BOP records, none have been received to date. Accordingly, on October 20, 2023, counsel wrote to the Court that "rather than continue to tilt at BOP windmills, I have little choice but to file the motion without the assistance of what I had hoped would be persuasive evidence of rehabilitation and good character."[3] (See Doc. #59).

    I can assure the Court that like all of my assignments, I am taking this matter seriously. However, my review of other, *successful*, motions for compassionate release strongly suggest that it would be ill-advised to file this motion without the

---

[1] According to the BOP website, Mr. Richard's projected release date is May 4, 2031.

[2] For example, providing the court with the inmate's disciplinary history and efforts towards rehabilitation are advisable in almost any application for compassionate release. Moreover, counsel believes that there are case-specific documents in support of Richard's motion in his BOP file as well.

[3] At the request of the defense, the Court set December 11, 2023, as the deadline to file Mr. Richards' motion.

BOP records in question. Additionally, as I was writing the motion, I realized that Mr. Richards had not, as I had mistakenly believed, "fully exhausted all [of his] administrative rights" as required by 18 U.S.C. § 3582(c)(1)(A). As the Court is aware, this is a prerequisite before one can file a request for compassionate release directly with the court. For that reason, filing Mr. Richards' motion for compassionate release at his point would be problematic as well.

I apologize to the Court for my mistaken assumption and for the delay in getting the necessary prison records (although I'm not sure what more I can do other than to keep badgering the BOP records department). However, given the totality of the circumstances in this case, including the seriousness of the underlying offense and the length of the sentence, in my opinion, at least one more adjournment is necessary to be in a position to file a complete, and hopefully persuasive, motion for early release.

Accordingly, for the reasons stated herein, I respectfully request that the Court set <u>February 15, 2024</u> as the deadline for the filing of Mr. Richards' compassionate release motion.

Thank you for the Court's continued patience and understanding.

Respectfully,

Matthew J. Kluger, Esq.
*Attorney for Ira Richards*

cc:   United States Attorney's Office via ECF

*Granted. No further extensions!!*

SO ORDERED

LEWIS A. KAPLAN, USDJ
1/9/24